# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br>vs.<br><br>MARIO ESPARZA-CRUZ,<br><br>                Defendant/Petitioner. | CASE NOS.<br>08CR3513-LAB/11cr1049-LAB<br><br>**ORDER RE: MOTION FOR RELIEF** |

     Mario Esparza-Cruz pleaded guilty to importing methamphetamine, and the Court sentenced him to 75 months' imprisonment, followed by five years' supervised release. Esparza-Cruz then took an appeal, which was unsuccessful. After that, he filed a motion raising an issue not raised on appeal, *i.e.,* that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The motion did not explain under what provision of law it was being brought, and was accepted via a discrepancy order that directed the clerk to docket it as a motion under 28 U.S.C. § 2255.

     Although Esparza-Cruz's latest motion has been docketed as a § 2255 motion, it is unclear whether the Court should construe it as such before ruling on it. Before making a final decision on how to proceed, the Court is required to warn Esparza-Cruz and present him with several options. *Castro v. United States*, 540 U.S. 375, 382–83 (2003).

/ / /

Here is the warning: Characterizing Esparza-Cruz's motion as a § 2255 motion means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. *See* 28 U.S.C. § 2255(h). Specifically, the Supreme Court has explained:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8.

*Castro*, 540 U.S. at 377.

Here are the options: By no later than **Tuesday, June 17, 2011**, Esparza-Cruz may either withdraw his motion, or amend it so that it contains all the § 2255 claims he believes he has. If Esparza-Cruz does neither of these within the time permitted, the Court will construe his motion as a § 2255 motion and rule on it accordingly.

**IT IS SO ORDERED**.

DATED: May 13, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge